# FILED

2010 FEB -1  PM 3: 28

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.:   l9 10-CV-185-ORL-19DAB

| | |
|---|---|
| CHARLTON H. FORRESTER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIMOTHY STANLEY, individually, | ) |
| and the CITY OF ORLANDO, a Florida | ) |
| Municipal corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT
## INTRODUCTORY STATEMENT

1.     This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant TIMOTHY STANLEY, individually, and Defendant CITY OF ORLANDO, a Florida Municipal corporation.

2.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of this Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3.     Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

4.      At all times referred to herein, Plaintiff CHARLTON H. FORRESTER, JR. [hereinafter Plaintiff] was a resident of Vero Beach, Indian River County, Florida.

5.      At all times referred to herein, Defendant TIMOTHY STANLEY [hereinafter Defendant STANLEY] was acting under color of law as a police officer for Defendant CITY OF ORLANDO, a Florida Municipal corporation, and was acting under color of law, and in such capacity as an agent, servant, and employee of Defendant CITY OF ORLANDO.

6.      Defendant CITY OF ORLANDO [hereinafter CITY or Defendant CITY OF ORLANDO] is a Florida Municipal corporation, organized and existing under the laws of the State of Florida, and located in Orange County, Florida. In this cause, the CITY acted through its agents, employees, and servants, including Defendant STANLEY, and others.

7.      Plaintiff sues Defendant STANLEY in his individual capacity.

## FACTS COMMON TO ALL COUNTS

8.      On November 21, 2008, Plaintiff, then age 21, was a passenger in a two-car motor vehicle caravan traveling to "The Florida Classic," scheduled for November 22, 2008, at the Florida Citrus Bowl, in Orlando, Orange County, Florida.

9.      "The Florida Classic" is an annual college football game, including a half-time battle-of-the-bands, between two historically black colleges, Florida A&M and Bethune-Cookman University.

10.     When the front car in the two-vehicle caravan sustained a flat tire, the vehicle in which Plaintiff was traveling as a passenger stopped, as well.

11.     During the stop, one or more individuals discharged a firearm into the air,

2

prompting calls to Defendant CITY OF ORLANDO's police department.

12.     Plaintiff became fearful for his personal safety and stayed in the back seat of the motor vehicle in which he was a passenger.

13.     After midnight on November 22, 2008, numerous members of Defendant CITY OF ORLANDO's police department responded to the incident location, including Defendant STANLEY and his police K-9.

14.     The officers remained in positions of surveillance until a coordinated enforcement action commenced.

15.     During the coordinated enforcement action, Defendant STANLEY and others approached the motor vehicles and detained all persons, both inside and outside the two-vehicle caravan.

16.     All persons, including Plaintiff were ordered to lay down on the sidewalk. Plaintiff complied immediately.

17.     Demetrius Patterson, then age 22, moved from the area of the passenger's compartment of the lead vehicle to the rear of the second vehicle, whereupon Patterson laid down on the sidewalk.

18.     At all times material hereto, Defendant STANLEY was in control of a police K-9.

19.     At all times material hereto, Defendant STANLEY knew the K-9, when issued the command to "bite" or "apprehend," was a dangerous and vicious animal.

20.     At all times material hereto, Defendant STANLEY knew the K-9, when issued the command to "bite" or "apprehend," was unable to differentiate between potential targets,

3

including police officers, and by training, would "bite" or "apprehend" the first available target.

    21.    At all times material hereto, Defendant STANLEY knew there were numerous subjects detained on the sidewalk, including Plaintiff, at the time Demetrius Patterson moved from the area of the passenger's compartment of the lead vehicle to the rear of the second vehicle, where Patterson laid down on the sidewalk.

    22.    Notwithstanding the fact that Defendant STANLEY knew there were numerous subjects detained on the sidewalk in the area of the two motor vehicles, including Plaintiff, Defendant STANLEY deployed his K-9 with orders to "bite" or "apprehend."

    23.    At the time of Defendant STANLEY's deployment of his K-9, Demetrius Patterson was, as requested, in the process of laying down on the sidewalk (or at a minimum, about to commence the process of laying down on the sidewalk), in the area of the rear of the second motor vehicle.

    24.    After Defendant STANLEY deployed his K-9, the animal viciously attacked Plaintiff as he lay prone on the sidewalk, as requested.

    25.    Plaintiff sustained multiple puncture wounds to his right lower extremity, as well as 4 cm lacerations to the front and back of his right lower leg. (Copies of photographs of Plaintiff's right leg are attached hereto, and made a part hereof, as Exhibit "A").

    26.    Plaintiff was treated on scene by Fire-Rescue, and his wounds were bandaged. Plaintiff then continued to a hotel room for the night.

    27.    When Plaintiff removed the dressings the following afternoon, they were completely blood-soaked, whereupon Plaintiff responded to the Emergency Room at Orlando Regional Medical Center at 13:58 hours, for treatment of his injuries, including numbness in the

4

right lower leg.

28.     After receiving care for his injuries, Plaintiff was unable to attend "The Football Classic" and ultimately returned to his residence in Vero Beach.

29.     As a result of the conduct of Defendant STANLEY, Plaintiff sustained permanent and persistent injuries to his lower right leg.

30.     The conduct of Defendant STANLEY occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### CONSTITUTIONAL CLAIM AGAINST DEFENDANT STANLEY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant STANLEY, individually, in Count I, Plaintiff states:

31.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 30.

32.     At all times material hereto, Plaintiff was detained pursuant to *Terry v. Ohio* and in custody for purposes of the Fourth Amendment and due process clause of the Fourteenth Amendment.

33.     Defendant STANLEY personally participated in, by direct act or indirect procurement, the show of authority resulting in Plaintiff's temporary detention.

34.     At all times material hereto, Plaintiff had a clearly established liberty interest in personal security while subjected to temporary detention. During Plaintiff's detention, Plaintiff was deprived of his freedom of movement and ability to protect himself from harm, including but not limited to attack from vicious animals under the care, custody, and control of government officials.

5

35.     The conduct of Defendant STANLEY, by deploying his K-9 along a sidewalk upon which Plaintiff was detained, was grossly negligent, with reckless disregard and deliberate indifference to Plaintiff's liberty interest in personal security, in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

36.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

37.     As a further direct and proximate result of the conduct of Defendant STANLEY, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

        a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

        b.      Judgment for exemplary damages;

        c.      Cost of suit;

        d.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

        e.      Trial by jury as to all issues so triable; and

        f.      Such other relief as this Honorable Court may deem just and

6

appropriate.

## COUNT II
## NEGLIGENCE CLAIM AGAINST DEFENDANT CITY OF ORLANDO

For his cause of action against Defendant CITY OF ORLANDO in Count II, Plaintiff states:

38.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 30.

39.     At all times material hereto, Plaintiff was detained pursuant to *Terry v. Ohio* and Florida law after he submitted to the show of authority by members of Defendant CITY OF ORLANDO's police department.

40.     At all times material hereto, Defendant CITY OF ORLANDO owed Plaintiff a common law duty of care.   The common law duty of care owed by Defendant CITY OF ORLANDO to Plaintiff became a special duty to protect Plaintiff from harm once Plaintiff's freedom of movement was restrained and Plaintiff was subjected to temporary detention.   Kaisner v. Kolb, 543 So.2d 732, 734 (Fla. 1989).

41.     At all times material hereto, Defendant CITY OF ORLANDO knew that after deployment of a police K-9, the animal is unable to differentiate between potential targets and posed a foreseeable risk of harm to Plaintiff, and others, in the immediate vicinity.

42.     As a foreseeable consequence of deploying a police K-9 under the circumstances set forth herein, Plaintiff suffered serious personal injury.   The conduct of Defendant CITY OF ORLANDO constitutes negligence under Florida law.

43.     The conduct of Defendant STANLEY, as set forth herein, occurred during the course and scope of his employment as a police officer for Defendant CITY OF ORLANDO.

7

44.     As a direct and proximate result of the acts described herein, Plaintiff has suffered grievously, has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation.

45.     As a further direct and proximate result of the conduct of Defendant CITY OF ORLANDO, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a.     Judgment for compensatory damages in excess of $ 15,000 dollars;

b.     Cost of suit;

c.     Trial by jury as to all issues so triable; and

d.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## NEGLIGENCE CLAIM AGAINST DEFENDANT STANLEY, INDIVIDUALLY

For his cause of action against Defendant STANLEY, individually, in Count III, Plaintiff states:

46.     Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 30.

47.     At all times material hereto, Plaintiff was detained pursuant to *Terry v. Ohio* and Florida law after he submitted to the show of authority by members of Defendant CITY OF

8

ORLANDO's police department, including Defendant STANLEY.

48.     At all times material hereto, Defendant STANLEY owed Plaintiff a common law duty of care. The common law duty of care owed by Defendant STANLEY to Plaintiff became a special duty to protect Plaintiff from harm once Plaintiff's freedom of movement was restrained and Plaintiff was subjected to temporary detention. Kaisner v. Kolb, 543 So.2d 732, 734 (Fla. 1989).

49.     At all times material hereto, Defendant STANLEY knew that after deployment, his K-9 was unable to differentiate between potential targets and posed a foreseeable risk of harm to Plaintiff, and others, in the immediate vicinity.

50.     As a foreseeable consequence of deploying his K-9 under the circumstances set forth herein, Plaintiff suffered serious personal injury.   The conduct of Defendant STANLEY constitutes negligence under Florida law.

51.     Alternatively to the allegations set forth in Count II, if the acts or omissions of Defendant STANLEY occurred outside the course and scope of his employment, or in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the negligence of Defendant STANLEY occurred in his individual capacity.

52.     As a direct and proximate result of the acts described herein, Plaintiff has suffered grievously, has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation.

53.     As a further direct and proximate result of the conduct of Defendant STANLEY, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. The losses are either

9

permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a.     Judgment for compensatory damages in excess of $ 15,000 dollars;

b.     Judgment for exemplary damages;

c.     Cost of suit;

d.     Trial by jury as to all issues so triable; and

e.     Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

54.     Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this 22 day of January, 2010.

By: _____

Hugh L. Koerner
Florida Bar No.: 716952
Email: hlkpa@fdn.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone:  (954) 522-1235
Facsimile:  (954) 522-1176
**Attorney for Plaintiff Charlton H. Forrester, Jr.**

10






EXHIBIT

"A"




